FILED
 2012 Jul-26 AM 10:51
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# EXHIBIT B

NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, NO PAYMENTS OF ANY KIND, INCLUDING PRINCIPAL OF OR INTEREST ON THE INDEBTEDNESS SECURED BY THIS INSTRUMENT OR RECORD SHALL BE PAYABLE HEREUNDER EXCEPT TO THE EXTENT PERMITTED IN THE SUBORDINATION AGREEMENT DATED AS OF OCTOBER 24, 2007 BY AND AMONG BANK OF AMERICA, N.A., DEUPREE'S GAS, INC., SUBURBAN GAS PROPANE PARTNERS, LLC AND THOMPSON'S GAS & ELECTRIC SERVICE, INC., WHICH SUBORDINATION AGREEMENT IS INCORPORATED HEREIN BY SPECIFIC REFERENCE THERETO TO THE SAME EXTENT AS IF FULLY SET FORTH HEREIN.

## SUBORDINATED PROMISSORY NOTE

**$400,000.00**                                                                                                                October 24, 2007

**FOR VALUE RECEIVED,** Suburban Gas Propane Partners, LLC (the "Company"), promises to pay to Deupree's Gas, Inc., an Alabama corporation (together with any subsequent holder as permitted herein, the "Seller"), the principal sum of Four Hundred Thousand and 00/100 Dollars ($400,000.00), together with interest until unpaid as set forth in this Subordinated Promissory Note (this "Note").

1. Real Estate Purchase Agreement. This Note is issued pursuant to the terms and conditions of that certain Real Purchase Agreement (the "Agreement") dated as of October 24, 2007, by and between the Company and the Seller. Capitalized terms used and not otherwise defined herein shall have the meanings provided in the Agreement.

2. Maturity. Unless sooner paid or cancelled in accordance with the terms hereof, the entire unpaid principal sum and all unpaid accrued interest, shall become fully due and payable on October 23, 2017 (the "Maturity Date").

3. Interest. The Company shall pay interest on the outstanding principal sum of this Note at the rate of six percent (6%) per annum or, if less, at the highest rate of interest then permitted under applicable law. In no event will this Note accrue interest at a rate that exceeds the highest rate of interest permissible under any law that a court of competent jurisdiction shall, in a final determination, deem applicable.

4. Payments.

    (a) Principal and Interest Payments. Beginning on November 24, 2007 and on the same day of each month thereafter, the Company shall make installment payments to the holder of this Note of principal and interest in the amount of Four Thousand Four Hundred Forty and Eighty-Two Cents ($4,440.82) each. Unless sooner paid in full, the entire unpaid principal balance of this Note, together with all outstanding and unpaid accrued interest, shall be due and payable on the Maturity Date.

(b) Prepayment. The Company shall have the right to prepay this Note in whole or in part and without penalty or premium at any time.

(c) Manner of Payment. Payments shall be made in U.S. Dollars in immediately available funds on the due dates of such payments, and shall be made to the address set forth herein for notices to the Seller. Any payments by check shall be accepted subject to collection in immediately available funds.

5. Subordination. Pursuant to terms of that certain Subordination Agreement dated October 24, 2007 by and among the Company, the Seller, Thompson's Gas & Electric Service, Inc. (the "Guarantor") and Bank of America, N.A (the "Senior Lender"), this Note and the rights and obligations evidenced hereby are subordinate to the indebtedness of the Company and the Guarantor to the Senior Lender.

6. Notice of Events of Default. So long as any indebtedness under this Note remains outstanding, the Company shall provide to Seller, as soon as possible, written notice of each event which either (i) is an Event of Default hereunder, or (ii) with the giving of notice or lapse of time or both would constitute an Event of Default hereunder, in each case setting forth the details of such event and the action which is proposed to be taken by the Company with respect thereto.

7. Events of Default.

(a) The occurrence of any of the following events shall be an "Event of Default" under this Note: (i) the failure of the Company to make any payment of principal or interest under this Note when due, which failure is not cured within thirty (30) days after the Seller gives the Company written notice thereof; or (ii) if the Company shall commence a voluntary case or other proceeding seeking liquidation, reorganization, or other relief with respect to the Company or the Company's debts under any bankruptcy, insolvency, or similar law now or hereafter in effect, or (iii) if an involuntary case or other proceeding shall be commenced against the Company seeking liquidation, reorganization or other relief with respect to the Company or the Company's debts under any bankruptcy, insolvency or similar law now or hereafter in effect, and such involuntary case or other proceeding shall remain undismissed and unstayed for a period of sixty (60) days, or an order for relief shall be entered against the Company under the federal bankruptcy laws as now or hereafter in effect.

(b) Upon the occurrence of an Event of Default within the scope of clause (a)(i) of this Section 7, the unpaid principal with all accrued and unpaid interest evidenced by this Note shall, at the Seller's option, be accelerated and become then due and payable.

(c) Upon the occurrence of an Event of Default within the scope of clauses (a)(ii) or (a)(iii) of this Section 7, the unpaid principal with all accrued and unpaid interest evidenced by this Note shall be accelerated and become immediately due and payable.

8. Lost, Stolen, Destroyed or Mutilated Notes. If this Note shall be mutilated, lost, stolen or destroyed, the Company shall issue a new Note of like date, tenor and denomination and deliver the same in exchange and substitution for and upon surrender and cancellation in the case

of mutilation, or if this Note is lost, stolen or destroyed, then, in lieu of surrender upon receipt, of an affidavit of Seller satisfactory to the Company of the loss, theft or destruction of this Note and Seller's agreement to indemnify the Company against presentation of this Note.

9. <u>Governing Law</u>. This Note and the rights of the parties hereunder will be governed by and construed in all respects in accordance with the laws of the State of Maryland, without regard to the conflicts of laws rules of the State of Maryland.

10. <u>Amendment</u>. Any term of this Note may be amended and the observance of any term of this Note may be waived (either generally or in a particular instance and either retroactively or prospectively), only with the written consent of the Company and Seller.

11. <u>Notices</u>. Any notice required or permitted by or in connection with this Note shall be in writing and shall be made by facsimile transmission, or by hand delivery, or by overnight delivery service, or by certified mail, return receipt requested, postage prepaid, addressed to the parties at the appropriate address set forth below or to such other address as may be hereafter specified by written notice by the parties to each other. Notice shall be considered given as of the earlier of the date of actual receipt, or the date of the facsimile transmission or hand delivery, or one (1) business day after delivery to an overnight delivery service, or three (3) business days after the date of mailing, independent of the date of actual delivery or whether delivery is ever in fact made, as the case may be, provided the giver of notice can establish that notice was given as provided herein.

| | |
|---|---|
| If to Seller : | Deupree's Gas, Inc.<br>P.O. Box 828<br>Sylacauga, AL 35150<br>Facsimile:   (256) 245-7473<br>Telephone:  (256) 245-8553 |
| With a copy to: | James L. Deupree, Jr.<br>2105 Magnolia Way<br>Birmingham, AL 35243<br>Telephone:   (205) 969-3208 |
| If to the Company: | Suburban Gas Propane Partners, LLC<br>1850 Dual Highway, Suite 203<br>Hagerstown, MD 21740<br>Attention:    J. Randall Thompson, President<br>Facsimile:   (301) 432-3890<br>Telephone:  (301) 432-6611 |
| With a copy to : | DLA Piper US LLP<br>6225 Smith Avenue<br>Baltimore, Maryland 21209<br>Attention:    Matthew F. Gorra, Esq. |

BALT2\4322040.11

        Facsimile:   (410) 580-3001
        Telephone:  (410) 580-3000

12. <u>Severability</u>. If one or more provisions of this Note are held to be unenforceable under applicable law, such provision shall be excluded from this Note and the balance of this Note shall be interpreted as if such provision were so excluded and shall be enforceable in accordance with its terms.

13. <u>Captions</u>. Section headings and captions in this Note are for convenience only and shall not affect the construction or interpretation of this Note. Unless otherwise expressly stated in this Note, references in this Note to Sections shall be read as Sections of this Note.

14. <u>Assignment</u>. This Note shall not be assigned by the Seller without the prior written consent of the Company (such consent not to be unreasonably withheld), except that no such written consent shall be required for Seller's assignment of this Note to (i) a parent, subsidiary or affiliate of Seller, (ii) any entity controlling, controlled by, or under common control of, Seller, (iii) any successor to Seller by merger, consolidation or reorganization or (iv) any stockholder of Seller, provided in each case that Seller gives the Company prior written notice thereof. Notwithstanding the foregoing, the Company shall be permitted to exercise its offset rights described in <u>Section 15</u> below, in whole or in part, against any and all holders of interests in this Note (in whatever proportions it chooses in its sole and absolute discretion), notwithstanding the circumstances enabling the Company to exercise such rights.

15. <u>Right of Offset</u>. Pursuant to <u>Section 7.D(iii)</u> of the Asset Purchase Agreement by and among the Seller, the Seller's shareholders (the "<u>Shareholders</u>") and the Company dated August 10, 2007 (the "<u>Asset Purchase Agreement</u>"), Section __ of the Agreement, any Transaction Documents (as defined in the Asset Purchase Agreement) and any documents delivered in connection with the Agreement (together with the Transaction Documents, the "<u>Ancillary Documents</u>"), the Company shall have a right to offset any payments due to be paid by the Company hereunder by any amounts then due and owing by the Seller or the Shareholders (or any of their permitted assigns under the terms and conditions of the Asset Purchase Agreement, the Agreement or the Ancillary Documents) to the Company or any of its affiliates under the terms and conditions of the Asset Purchase Agreement, the Agreement and the Ancillary Documents.

[ *signature appears on next page* ]

IN WITNESS WHEREOF, the Company has caused this Note to be duly executed by its officer, thereunto duly authorized as of October 24, 2007.

**SUBURBAN GAS PROPANE PARTNERS, LLC**

By: _____
Name:   J. Randall Thompson
Title:    President

BALT2\4322040.11