FILED
 2012 Jul-26  AM 10:51
U.S. DISTRICT COURT
    N.D. OF ALABAMA

**EXHIBIT C**

**EXECUTION VERSION**

## GUARANTY

NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, NO PAYMENTS OF ANY KIND, INCLUDING PRINCIPAL OF OR INTEREST ON THE INDEBTEDNESS SECURED BY THIS INSTRUMENT OR RECORD SHALL BE PAYABLE HEREUNDER EXCEPT TO THE EXTENT PERMITTED IN THE SUBORDINATION AGREEMENT DATED AS OF OCTOBER 24, 2007, BY AND AMONG BANK OF AMERICA, N.A., DEUPREE'S GAS, INC., SUBURBAN GAS PROPANE PARTNERS, LLC AND THOMPSON'S GAS & ELECTRIC SERVICE, INC., WHICH SUBORDINATION AGREEMENT IS INCORPORATED HEREIN BY SPECIFIC REFERENCE THERETO TO THE SAME EXTENT AS IF FULLY SET FORTH HEREIN.

THIS GUARANTY (this "Guaranty") is made this 24th day of October 2007, by Thompson's Gas & Electric Service, Inc., a Maryland corporation ("Guarantor"), to and for the benefit of Deupree's Gas, Inc., an Alabama corporation (the "Seller").

### RECITALS

WHEREAS, Suburban Gas Propane Partners, LLC, a Maryland limited liability company (together with its successors and assigns, "Purchaser") and Seller are parties to a Real Estate Purchase Agreement dated October 24, 2007 (the "Purchase Agreement"); and

WHEREAS, Guarantor is required to execute and deliver this Guaranty as a condition to the closing of the transactions contemplated in the Purchase Agreement.

NOW, THEREFORE, in consideration of the foregoing premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor agrees as follows:

1. **Guaranty.** Guarantor hereby unconditionally and irrevocably guarantees to Seller the due and punctual payment of all of Purchaser's payment obligations to Seller (collectively, the "Obligations") under the $400,000 Subordinated Promissory Note dated as of October 24, 2007 given by Purchaser to Seller (the "Note").

Guarantor agrees that if Seller grants to Purchaser one or more extensions, renewals or modifications of any of the Obligations (whether or not as a result of the Subordination Agreement (as defined in Section 2 below)), or any part thereof, or permits or requires any other modification in the terms of the Obligations, or any part thereof, in any manner or on any terms that may be acceptable to Seller, with or without notice to Guarantor, this Guaranty shall, and is hereby made to extend to and cover such extended, renewed or modified Obligations, on whatever terms and conditions the same may be extended, renewed or modified, and without regard to the number of times the same may have been or shall be extended, renewed or modified.

Subject only to the conditions contained in the Subordination Agreement, Guarantor agrees (a) to pay any and all of the Obligations upon demand at any time after maturity thereof (whether by acceleration or otherwise); (b) to be bound by all of the terms and provisions

1

**EXECUTION VERSION**

appearing on the face of this Guaranty; and (c) that Seller will not, after the default in the performance of any of the Obligations, be required first to resort to Purchaser, or to any security pledged, granted or otherwise assigned or conveyed to Seller, if any, before looking to Guarantor for payment under the provisions hereof. Notwithstanding anything in this Guaranty to the contrary, the rights and obligations of Guarantor shall be subject to the rights and obligations of Purchaser under the terms of the Note, the Purchase Agreement or any other document executed and delivered in connection with the same.

2. **Subordination.** Notwithstanding the foregoing and anything stated to the contrary in this Guaranty, Guarantor's guarantee of the Obligations are subject to, and modified by, the terms and conditions of the Subordination Agreement by and among Purchaser, Seller, Guarantor and Bank of America, N.A., dated October 24, 2007 (the "Subordination Agreement").

3. **Discharge of Guaranty.** Guarantor agrees its obligations hereunder are present and continuing guaranties of payment and not collectability and, except as set forth in the Subordination Agreement, shall not be discharged, impaired, modified or otherwise affected by (a) the unenforceability, non-existence, invalidity or non-perfection of (i) any of the Obligations, or (ii) any document or other instrument evidencing, securing, guaranteeing or executed in connection with any of the Obligations; (b) Seller's resort or failure or refusal to resort to any other security or remedy for the collection of any of the Obligations thereof; (c) the sale, exchange, release or surrender of any collateral or other security for any of the Obligations; (d) the insolvency or bankruptcy of Purchaser; (e) any modification, amendment, supplement or change in the status or terms of any of the Obligations or any collateral or other security for any of the Obligations; (f) any default by Purchaser in payment of any of the Obligations; (g) any compromise, settlement, release, discharge, termination, waiver or extension of time for payment (to the extent permitted by the Subordination Agreement), performance or observance of any obligation of Purchaser with respect to any of the Obligations; (h) the application of any payments, proceeds of collateral or other sums to any of the Obligations in such order and amounts as Seller may elect; (i) any exercise or non-exercise of any right, remedy, power or privilege of Seller with respect to any of the Obligations or any collateral or other security therefor; (j) any failure, omission, delay or lack of diligence on the part of Seller to enforce, assert or exercise any such right, power, privilege or remedy; or (k) any other event, circumstance or condition, whether or not Guarantor shall have notice or knowledge thereof.

Guarantor agrees that this Guaranty shall not be construed as being terminated by payment in full of the Obligations until any applicable period for avoidance of any payments under the Subordination Agreement or applicable bankruptcy and insolvency laws shall have expired; and even after such termination, this Guaranty shall remain in full force and effect as to the Obligations then outstanding and any other Obligations at any time thereafter outstanding under any then-existing documents or agreements, together with any interest, costs of collection, and any other charges on any of the same. This Guaranty, and Guarantor's obligations hereunder, shall continue to be effective, or be automatically reinstated, as the case may be, if at any time payment in whole or in part of any of the Obligations by Guarantor or Purchaser is rescinded or must otherwise be restored or returned to such parties (or paid to the creditors of the same) upon the insolvency, bankruptcy, dissolution, liquidation or reorganization of such parties, or upon or as a result of the appointment of a custodian, receiver, trustee or other officer with

similar powers with respect to such parties or with respect to any part of the property thereof, or otherwise, all as though such payment had not been made.

4. **Amendment.** This Guaranty may be amended only by a writing duly executed by Guarantor and Seller. No waiver by Seller of any of the provisions of this Guaranty or any of the rights or remedies of Seller with respect hereto shall be considered effective or enforceable unless in writing, duly executed by Seller.

5. **Notices.** Any notice, request, demand, waiver or other communication required or permitted to be given under this Guaranty will be in writing and will be deemed to have been duly given only if delivered in person or by first class, prepaid, registered or certified mail, or sent by courier or, if receipt is confirmed, by facsimile:

If to Seller:

Deupree's Gas, Inc.
PO Box 828
Sylacauga, AL 35150
Attention: Charles A. Deupree
Telephone: (256) 245-7473
Fax: (256) 245-8553

With a copy to:

James L. Deupree, Jr.
2105 Magnolia Way
Birmingham, AL 35243
Telephone: (205) 969-3208

If to Guarantor:

Thompson's Gas & Electric Service, Inc.
1850 Dual Highway, Suite 203
Hagerstown, Maryland 21740
Attention: J. Randall Thompson
Facsimile: (301) 432-3890

With a copy to:

DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Attention: Matthew F. Gorra, Esq.
Facsimile: (410) 580-3001

6. **Waiver.** Neither any failure or any delay on the part of Seller in exercising any right, power or privilege under this Guaranty shall operate as a waiver thereof, nor shall a single or partial exercise thereof preclude any other or further exercise or the exercise of any other right, power or privilege. No modification, amendment or waiver of any provision of this Guaranty shall be effective unless in writing and signed by a duly authorized officer of Seller, and then the same shall be effective only in the specific instance and for the purpose for which given. No notice to or demand on Guarantor in any case shall entitle Guarantor to any other or further notice or demand in the same, similar or other circumstances.

7. **Indemnification**. Subject to the terms and conditions of the Subordination Agreement, Guarantor agrees to indemnify and hold Seller harmless against any direct loss or direct expense, including reasonable attorneys' fees and disbursements, that may result from any failure of Purchaser or Guarantor to pay any of the Obligations when and as due and payable or that may be incurred by or on behalf of Seller in enforcing payment of any of the Obligations against Guarantor or Purchaser.

**EXECUTION VERSION**

8. **Severability.** If any term or provision of this Guaranty is found to be invalid, illegal or unenforceable, all other terms and provisions of this Guaranty shall nevertheless remain in full force and effect.

9. **Captions.** The Section and other captions of this Guaranty are for convenience only and do not constitute a part of this Guaranty.

10. **Recitals.** The Recitals (and the terms defined in the Recitals) are part of this Guaranty.

11. **Governing Law.**

   (a) This Guaranty and the rights of Guarantor and Seller under it will be governed by and construed in all respects in accordance with the laws of the State of Maryland, without regard to the conflicts of laws rules of the State of Maryland, except as may be superseded by federal laws.

   (b) Any dispute, claim or controversy arising out of or relating to this Guaranty or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be submitted to and finally determined by arbitration in the State of Maryland before a sole arbitrator. The arbitrator shall be selected, and the arbitration shall be conducted, in accordance with the Comprehensive Arbitration Rules and Procedures of JAMS. The arbitrator's decision shall be final and binding. Judgment on the award of the arbitrator may be entered in any court having jurisdiction. Any post-award proceedings shall be conducted in accordance with the Federal Arbitration Act, 9 U.S.C. Sec. 1, *et seq*. Unless Guarantor and Seller otherwise agree in writing, the costs of the arbitration, including the fees and expenses of the arbitrator, shall be determined by the arbitrator. Unless otherwise determined by the arbitrator, each of Guarantor and Seller shall bear its own costs and attorneys' fees.

   (c) Notwithstanding the preceding binding arbitration provisions, certain remedies that Guarantor or Seller may employ or exercise freely, independently or in connection with an arbitration proceeding or after an arbitration action is brought are preserved. Each of Guarantor and Seller shall have the right to proceed in any court of proper jurisdiction or by self-help to exercise or prosecute the following remedies, as applicable: (i) obtaining provisional or ancillary remedies including injunctive relief, sequestration, garnishment, attachment, appointment of receiver and filing an involuntary bankruptcy proceeding; and (ii) in connection with any actual or threatened breach or default of this Guaranty which could give rise to irreparable harm. Preservation of these remedies does not limit the power of an arbitrator to grant similar remedies that may be requested by a party in a dispute.

12. **Event of Default.** Guarantor's failure or inability to perform any or all of the obligations or agreements herein shall constitute an Event of Default under Guarantor's Senior Credit Facility with Bank of America, N.A. and a breach of this Guaranty.

*[Signature appears on the following page.]*

4

**EXECUTION VERSION**

IN WITNESS WHEREOF, and intending to be legally bound hereby, Guarantor executes this Guaranty as of the date first above written.

| | |
|---|---|
| **WITNESS:** | THOMPSON'S GAS & ELECTRIC SERVICE, INC., a Maryland corporation |
| *[signature]* | By: *[signature]*<br>J. Randall Thompson, President |

5