FILED
2012 Jul-26 AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT E

ELECTRONICALLY FILED
7/24/2012 12:02 PM
DR-2009-000161.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
CLARENCE HAYNES, CLERK

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

| | |
|---|---|
| CARLA M. DEUPREE, | |
|     PLAINTIFF, | |
| VS. | CASE NO.: DR-2009-161 |
| CHARLES ALLEN DEUPREE, | |
|     DEFENDANT. | |

## LIMITED APPEARANCE AND
## MOTION TO STAY AND MOTION TO VACATE OR MODIFY ORDER

The Movants, Joy Deupree and Deupree of Sylacauga, Inc., by and through their attorney, Nathan A. Brock, appear specially for the purpose of this Motion to Stay and this Motion to Vacate or Modify Order, and these motions only, and, in support thereof, state the following:

### SCOPE OF APPEARANCE

The Movants, Joy Deupree and Deupree of Sylacauga, Inc., are appearing in this case *solely* for the following limited purposes:

1. Seeking a stay of this Court's Order of June 25, 2012, as amended on July 17, 2012 (hereinafter "the Order"), on the grounds more fully argued below.

2.     Asking this Court to reconsider, vacate, or modify[1] the Order, on the grounds more fully argued below.[2]

Movants respectfully state that they are not entering a general appearance in this case, and do not intend, by this limited appearance, to waive any arguments regarding this Court's lack of jurisdiction over movants.  Although Movants aver that they have a protectable interest in property that has been made the subject of an Order of this Court, Movants do not seek to intervene as parties in this case at this time, *solely* because, with respect, Movants do not wish to confer jurisdiction upon this Court where none exists.

## BACKGROUND

Movant Deupree of Sylacauga, Inc.[3] ("Deupree Gas"), is an Alabama corporation with its principal place of business being Jefferson County, Alabama. Deupree Gas was formed on October 13, 1961 upon the filing of Articles of Incorporation with the Judge of Probate of Talladega County, Alabama.

---

[1] Because the Order is interlocutory, and not final, the provisions of Ala. R. Civ. P. 59 and 60, applicable to final orders and judgments, are not applicable.  However, this Court

[2] Movants respectfully note that they will be arguing that specific parts of the Order relating to the Movants should be vacated by this Court as "void."  In doing so, Movants will apply the principles of Ala R. Civ P. 60(b); however, Movants recognize that Rule 60, by its express terms applies to "parties."  By referring to the principles of Rule 60, movants do not wish to be understood as waiving any argument or objection that they are not proper parties to this divorce action, nor any argument that this Court's Order is void both for lack of jurisdiction and failure to comport with due process.  In other words, with respect, Movants do not wish to inadvertently submit themselves generally to the jurisdiction of this Court.

[3] Pursuant to a 2007 amendment to its formation documents, Deupree's Gas, Inc. changed its name to Deupree of Sylacuauga, Inc.

Movant Joy Deupree is a resident of Jefferson County, Alabama and owns fifty percent (50%) of the outstanding shares of Deupree Gas.[4]

Neither Deupree Gas nor Joy Deupree are or have been parties to this action.

On October 24, 2007, pursuant to a Real Estate Purchase and Sale Agreement by and between Deupree Gas and Suburban Gas Propane Partners, LLC, a Maryland limited liability company ("Suburban"), a copy of which is attached hereto as Exhibit A (the "Agreement"), Suburban purchased certain real property from Deupree Gas for the sum of Six Hundred Thousand Dollars ($600,000) (the "Purchase Price").  Deupree Gas's then and current President, James Deupree, executed the Agreement on behalf of Deupree Gas.

Four Hundred Thousand Dollars ($400,000) of the Purchase Price was paid by a Subordinated Promissory Note dated October 24, 2007 from Suburban to Deupree Gas, a copy of which is attached hereto as Exhibit B (hereinafter said note and any payments now or hereinafter coming due thereunder shall sometimes collectively be referred to as the "Note").

Pursuant to a Guaranty dated October 24, 2007 from Thompson Gas and Electric Service, Inc., a Maryland corporation ("Thompson"), to Deupree Gas, a copy of which is attached hereto as Exhibit C (the "Guarantee"), Thompson guaranteed to Deupree Gas the payment of the Note.

Subsequent to the execution of the Agreement, the Note has been the sole substantial asset of the Corporation.

The above titled action was initiated on April 24, 2009, when the Plaintiff filed a Complaint for Divorce against the Defendant.  Between April 24, 2009 and

---

[4] Defendant Charles Deupree owns the remaining fifty percent (50%) of the outstanding shares of Deupree Gas.

June 8, 2012 various pleadings were filed by the Plaintiff and Defendant and certain interlocutory orders were entered by this Honorable Court.

On June 8, 2012, this Honorable Court held a hearing on a Motion for Sanctions and Amended Motion for Answers and Sanctions filed by the Plaintiff (the "Hearing").  The Movants were not served or otherwise provided with notice of this Hearing or any other proceedings in the above titled action.

Pursuant to the Hearing, on June 25, 2012, this Honorable Court entered an Order providing, in relevant part, that:

> "5. Suburban Gas Propane Partners, LLC is hereby ordered to pay to Clarence E. Haynes, the Circuit Clerk of Talladega County, any amounts due to Deupree Gas or Charles Allen Deupree, individually, which was previously ordered by this Court on December 15, 2009. Suburban Gas Propane and/or Thompson Gas shall also provide documentation which sets forth all current amounts owed to Deupree Gas or to Charles Allen Deupree, individually, as well as a scheduling and/or summary of any amounts/payments owed to Deupree Gas or to Charles Allen Duepree, individually, which are due and payable over time as a note, annuity, or any other agreement to provide periodic payments. Additionally, Suburban Gas and/or Thompson Gas shall pay to the Circuit Clerk of Talladega County any future money or payments due to Deupree Gas or Charles Allen Deupree, individually, as such becomes due and payable. Such information, along with said funds which are to be paid over to the Circuit Clerk of Talladega County, shall reference case number DR-2009-161.
>
> …
>
> 7. Any money/payments owed to Deupree Gas or Charles Allen Deupree by Suburban Gas and/or Thompson Gas is hereby prohibited from being assigned by any entity or individual. The Plaintiff is hereby granted a priority lien against any monies or payments payable from Suburban Gas and/or Thompson Gas to Deupree Gas and/or Charles Allen

>Deupree, individually. Said lien shall attach to alimonies currently owed and all monies due and payable in the future."

On July 17, 2012, on motion of the Plaintiff, this Honorable Court amended and restated its June 25, 2012 Order by substituting the name "Deupree Gas, Inc." in place of "Deupree Gas".[5] (hereinafter the June 25, 2012 Order, as amended and restated in the July 17, 2012 Order, shall sometimes be referred to collectively as the "Order").

Concurrently with the filing of this Motion, or immediately thereafter, Deupree Gas and Joy Deupree will initiate an action in the United States District Court for the Northern District of Alabama against Suburban and Thompson. Deupree Gas will seek a declaratory judgment to determine the respective rights, duties and obligations under the Note, Guarantee and Agreement of Deupree Gas, Suburban and Thompson (the "Federal Court Action").

## ARGUMENT

**A.     The Order is void because it impermissibly denies Deupree Gas and Joy Deupree of their respective property without due process law.**

"In Alabama, as elsewhere, it is basic that a corporation is a distinct and separate entity from the individuals who compose it as stockholders or who manage it as directors or officers." *Cohen v. Williams*, 318 So. 2d 279, 281 (1975). Further, the assets, liabilities and transactions of a corporation are to be considered separately from those of its shareholders. *Wright v. Alan Mills, Inc.*, 567 So.2d 1318 (Ala. 1990); *Gilbert v. James Russell Motors, Inc.*, 812 So. 2d 1269 (Ala. Civ. App. 2001).

---

[5] Movants respectfully note that *neither* of these designations is the correct legal name of the Corporation in this case.

> "A corporation is a person. See Art. XII, § 240, Alabama Constitution of 1901 ("All corporations shall have the right to sue, and shall be subject to be sued, in all courts in like cases as natural persons"); § 10-2B-3.02, Ala.Code 1975 ("[E]very corporation ... has the same powers as an individual to do all things necessary or convenient to carry out its business and affairs"); Black's Law Dictionary 1162 (7th ed. 1999) (One definition of "person" is "[a]n entity (such as a corporation) that is recognized by law as having the rights and duties of a human being," and the definition of "artificial person" is "[a]n entity, such as a corporation, created by law and given certain legal rights and duties of a human being"); *Metropolitan Life Ins. Co. v. Ward*, 470 U.S. 869, 881 n. 9, 105 S.Ct. 1676, 84 L.Ed.2d 751 (1985) ("It is well established that a corporation is a 'person' within the meaning of the Fourteenth Amendment"); *Grosjean v. American Press Co.*, 297 U.S. 233, 244, 56 S.Ct. 444, 80 L.Ed. 660 (1936) ("[A] corporation is a 'person' within the meaning of the equal protection and due process of law clauses"); *Southern Ry. v. Greene*, 216 U.S. 400, 412, 30 S.Ct. 287, 54 L.Ed. 536 (1910) ("That a corporation is a person, within the meaning of the 14th Amendment, is no longer open to discussion"); *Pembina Consol. Silver Mining & Milling Co. v. Pennsylvania*, 125 U.S. 181, 189, 8 S.Ct. 737, 31 L.Ed. 650 (1888) ("Under the designation of 'person' there is no doubt that a private corporation is included"); *Ex parte Rice*, 259 Ala. 570, 575, 67 So.2d 825, 829 (1953) (" 'Person ' includes a corporation under the equal protection and due process clause of the Federal Constitution") (citations omitted); *Boone v. State*, 170 Ala. 57, 62, 54 So. 109, 110 (1911) ("The fourteenth amendment provides that no state shall 'deny to any person within its jurisdiction the equal protection of the laws.' That corporations are persons within the meaning of this amendment is no longer open to discussion"); *Smith v. Louisville & Nashville R.R.,* 75 Ala. 449, 451 (1883) ("And Circuit [Judge] Sawyer, in the same case, p. 33, said 'In my judgment, the word "person" [in this cause of the 14th amendment] includes a private corporation.' ... This question, however, would seem to be settled by our own State Constitution, article 14, section 12, which ordains that 'all corporations shall have the right to sue, and shall be subject to be sued, in all courts, in like cases as natural persons' ")."

*Cook's Pest Control, Inc. v. Rebar*, 852 So. 2d 730, 739-40 (Ala. 2002).

Deupree Gas is the sole holder of the Note. Accordingly, Deupree Gas's rights pursuant to the Agreement and its right, title and interest in and to the Note and the payments paid pursuant thereto are the sole property of Deupree Gas.

Because the assets, liabilities and transactions of a corporation are to be considered separately from those of its shareholders, *see Wright,* 566 So. 2d 1318, neither of Deupree Gas's shareholders (i.e., Joy Deupree and the Defendant) possesses any legal right, title or interest in or to the Note or any other of the Deupree Gas's assets. However, Joy Deupree is entitled to relief from the Order, notwithstanding her lack of a direct interest in the Note, because the Order's diversion of the payments of and imposition of a lien upon the Note deprives Joy Deupree of her property by substantially, and potentially completely, devaluing Joy Deupree's shares in and rights to dividends from Deupree Gas.

Deupree Gas and Joy Deupree respectfully allege that to the extent the Order provides for the transfer or diversion of or imposes a lien upon any assets of Deupree Gas, including, without limitation, the Note, the Order impermissibly denies Deupree Gas and Joy Deupree of their respective property without due process of law. *See generally* U.S. Const., Amend. X and XIV, § 1; Ala. Const. Art. I, §§ 6 and 13; *Neal v. Neal*, 856 So.2d 766, 782 (Ala. 2002); *Frahn v. Greyling Realization Corp.*, 195 So. 758, 761 (Ala. 1940) ("[D]ue process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.")

A judgment or order that is entered in violation of principles of procedural due process is void. *Ex parte Third Generation, Inc.*, 855 So.2d 489, 492 (Ala. 2003); *Ex parte Montgomery*, 2110322, 2012 WL 1760213 (Ala. Civ. App. May 18, 2012).

**B.     The Order is void because this Honorable Court lacks jurisdiction over Joy Deupree and Deupree Gas.**

Joy Deupree and Deupree Gas, having never been served in, notified of or made parties to the above titled action, respectfully aver that this Honorable Court is without jurisdiction over either Joy Deupree or Deupree Gas.

"To authorize a court to proceed, it must acquire jurisdiction over defendant in some mode authorized by law, by service or other means, and ... a judgment rendered without acquiring such jurisdiction is a nullity." *Boudreaux v. Kemp*, 49 So. 3d 1190, 1197 (Ala. 2010); *Cooper v. Watts*, So. 2d 519, 522 (1966); 21 C.J.S. Courts s 83 at 123-4 (1940); *See also TenEyck v. TenEyck*, 885 So.2d 146, 153 (Ala. Civ. 2003) (holding that the trial court had no jurisdiction to impose a lien in favor of the wife on property owned by a limited liability company in which the husband owned a ninety-nine percent (99%) membership interest). *See also* Ala. R. Civ. P. 60(b)(4) (Providing that on motion and upon such terms as are just, the court may relieve a party from the terms of a void order).

**C.     The Order is void because it impermissibly interferes with and burdens interstate commerce, and should, at a minimum, be stayed until Deupree, Suburban and Thompson have obtained a declaration of the rights of the parties in a contemplated declaratory judgment action to be filed in federal court.**

The Order violates the Commerce Clause of the United States Constitution by impermissibly interfering with and burdening the property and contractual rights, duties, obligations that exist between Deupree Gas, an Alabama corporation, and Suburban and Thompson, both of which are Maryland business entities. *Gibbons v. Ogden*, 22 U.S. 1 (1824); *See generally*  U.S. Const., Art. I, § 8, cl. 3.  Essentially, the Order places Suburban and Thompson in the untenable

position of *either* complying with this Honorable Court's Order to avoid possible sanctions by this Court and thereby breaching their contractual obligations to Deupree, *or* honoring their contractual obligations to Deupree, while risking sanctions from this Honorable Court.

Under these circumstances, if this Court does not simply vacate the Order as it relates to Suburban and Thompson, it should, at a minimum, *stay* the provisions of the Order relating to Suburban and Thompson's obligations. A stay will serve both the interests of justice and judicial economy because Movants will immediately initiate a declaratory judgment action to have the rights, duties, and obligations of Deupree Gas, Suburban, and Thompson determined. As part of that declaratory judgment action, Movants will seek interpleader of any payments at issue, to avoid harm to the plaintiff in this divorce case. Movants respectfully aver that this procedure will protect the rights of *all parties,* by reducing or eliminating the impermissible burden on interstate commerce as well as the risk that Deupree, Suburban, or Thompson will incur inconsistent or multiple obligations, while protecting the rights of the plaintiff in this divorce case by preventing any disbursement of these payments until these issues can be resolved.

**D.     The Order should be vacated or modified because indispensable parties have not been joined to this action.**

The Order impairs and impedes Deupree Gas, Joy Deupree, Suburban and Thompson's ability to protect their respective interests herein, including, without limitation, said parties' respective interests in the Note, Guarantee and the Agreement. Ala. R. Civ. P. Rule 19, 23.[6]

---

[6] Ala. R. Civ. P. 19, relating to joinder, contemplates the joinder of "a person who is subject to jurisdiction of the court" if "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii)

PRAYER FOR RELIEF

Based upon the foregoing, the Movants, Joy Deupree and Deupree Gas respectfully request:

A.    That this Honorable Court reconsider and vacate, in its entirety, its Order of June 25, 2012 as modified on July 17, 2012 in the above titled action; or, in the alternative, that this Honorable Court reconsider and modify the Order by deleting paragraphs 5 and 7 therefrom.

B.    That this Honorable Court *stay* any and all provisions of its Order of June 25, 2012, as modified on July 17, 2012, relating to the payment of any money by Suburban or Thompson, in favor of the "Federal Court Action," to prevent the risk of multiple or inconsistent obligations in this case.

C.    That, in any event, this Honorable Court grant Movants a hearing and the opportunity to be heard on these issues before taking any further action.

D.    That this Honorable Court grant such other, further, and general relief as may be appropriate under the circumstances.

---

leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." *See* Ala. R. Civ. P. 19(a)(2)(i) & (ii). Again, with respect, Deupree does not concede the jurisdiction of this Court over it for general purposes; however, to the extent that Deupree, Suburban, or Thompson are corporations and can therefore be considered "persons," the disposition of their assets in their absence, without notice, certainly impairs or impedes their ability to protect that interest, and, as to Suburban and Thompson, leads them to incur a substantial risk of double, multiple, or otherwise inconsistent obligations (that is, the Order causes Suburban and Thompson to run a substantial risk of being forced to pay twice; once in this action, and again to Deupree of Sylacauga, Inc., the *sole legal and rightful* owner of the Note.) Therefore, Movants respectfully note that they are, in fact, "indispensable parties" who have not been joined or provided with notice and an opportunity to be heard before the taking of their property occurred.

Respectfully submitted this 24th day of July 2012.

                                                               */s/ Nathan A. Brock*
                                                              Nathan A. Brock
                                                              Attorney for the Intervenor
                                                              223 Second Ave., S.W.
                                                              Cullman, Alabama 35055
                                                              (256) 841-4331

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 24th day of July 2012, a true and exact copy of this pleading, brief or other instrument has been served upon counsel for all parties at interest in this cause by delivering a true and exact copy of said pleading to the offices of said counsel or by placing a true and exact copy of said pleading in the United States Mail, addressed to said counsel at his office, with sufficient postage thereupon to carry the same to its destination, by electronically mailing a true and exact copy of said pleading to the offices of said counsel, or by hand delivering a true and exact copy of said pleading to the office of said counsel.

☒ AlaFile / CM-ECF electronic filing
☐ E-mail, delivery receipt requested
☐ U.S. Mail
☐ Hand Delivery
☐ Counsel's Mailbox at Clerk's Office

                                                               */s/Nathan A. Brock*

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C